**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30129 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00131-WFN-1 |
| v. | |
| FREDERICK MANFRED SIMON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
William Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted May 3, 2010
Seattle, Washington

Before: HALL, WARDLAW and GOULD, Circuit Judges.

Frederick Manfred Simon appeals the denial of his motion for judgment of

acquittal under Federal Rule of Criminal Procedure 29. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Simon was convicted of one count of wire fraud in violation of 18 U.S.C. § 1343.  At the close of the government's case, Simon moved for judgment of acquittal under Federal Rule of Criminal Procedure 29.  We review *de novo* the district court's denial of Simon's Rule 29 motion.  *See United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004).  We agree with the district court that, viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the essential elements of wire fraud beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The government introduced ample circumstantial evidence of specific intent to defraud.  *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003) ("It is settled law that intent to defraud may be established by circumstantial evidence.").  The evidence showed that Simon agreed to sell Zeefax Limited ("Zeefax") industrial parts for $162,400.  Simon demanded in-cash payments of 30% of the contract price ($48,743) at contract formation, an additional 30% when the parts were ready to ship, and the remainder on delivery.  Zeefax paid the first $48,743 installment at contract formation and the second $48,743 installment based on Simon's representation that the parts were ready to ship.  Frederick, however, did not ship anything, and when Zeefax followed up, Frederick provided a number of inconsistent excuses, including that he had not assembled the entire order, that he

2

shipped the goods, that he partially shipped the goods, that Zeefax had breached the contract, and that he would not ship the goods until he had written confirmation from Zeefax that the goods' final destination was not the country of Iran, an embargoed country. In addition, Simon's administrative assistant, Jodie Tyson-Flynn, testified that Simon's business was a "hoax." She explained that Simon would routinely take orders, create false packing slips when customers called looking for their shipments, but ultimately would never ship anything. Accordingly, there is sufficient evidence from which a rational juror could find Simon guilty of wire fraud. *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) ("Intent may be inferred from misrepresentations made by the defendants, and the scheme itself may be probative circumstantial evidence of an intent to defraud." (citations omitted)).

    **AFFIRMED.**